UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Joseph Chalifoux

    v.                                        Case No. 23-cv-23-SE
                                             Opinion No. 2023 DNH 092

Proto Labs, LLC

O R D E R

Pro se plaintiff Joseph Chalifoux's pending motions to amend his complaint (doc. no. 8) and to remand this case to state court (doc. no. 10) largely turn on the application of the relation back doctrine, which treats an amended complaint for the purpose of the statute of limitations as if it had been filed on the date of the original complaint. If the doctrine applies and Chalifoux can add otherwise time-barred claims against a newly-named defendant, then the court may have the authority to grant his motions. If it does not and the relevant proposed amendments are futile because they are time-barred, as defendant Proto Labs, Inc.[1] argues, then the case will remain in this court, and with fewer claims than Chalifoux now seeks to assert.

Because the court concludes that Chalifoux has not carried his burden to show that the relation back doctrine applies, his

---

[1] The complaint names "Proto Labs, LLC" as the defendant. The defendant states that such an entity does not exist, and it presumes that Chalifoux intended to name as a defendant Proto Labs, Inc.

claims against the newly-named defendant are time-barred and thus futile. For that reason, the court denies Chalifoux's motion for leave to amend his complaint in that regard. The court also denies Chalifoux's motion to remand and, because it does allow Chalifoux to amend his complaint in part, denies as moot Proto Labs's motion to dismiss the original complaint.

Background[2]

Chalifoux worked as an employment recruiter at Proto Labs from September 2018 until December 31, 2019. He was hired as a contract worker through a staffing agency, Precision Resources Company, Inc.

During his time at Proto Labs, Chalifoux allegedly raised concerns about the company's operations and certain employees' behavior. Those concerns allegedly included:

- Proto Labs's purportedly improper policy of refusing to hire individuals with temporary visas because it was an ITAR-registered employer;

- Linda Peters, Proto Labs's HR manager, engaged in unlawful hiring practices, including considering information about

---

[2] Chalifoux's original complaint (doc. no. 1-1) and his proposed amended complaint (doc. no. 8-1) contain mostly identical factual allegations. Unless otherwise noted, this order includes facts that Chalifoux alleges in both his original complaint and his proposed amended complaint.

2

   candidates that she found on the internet and applying certain policies inconsistently, such as allowing family members to work together in some instances but not always;

- Peters intentionally misreported recruiting numbers to Proto Labs's headquarters and often made offers to candidates herself rather than having them go through recruiting;

- Peters and Joelle Stone, Proto Labs's HR Director, bullied and picked on certain contract workers; and

- Proto Labs hired less qualified candidates who were younger in order to pay them less money.

Chalifoux allegedly raised these complaints to Peters and Stone. On January 17, 2019, Chalifoux wrote a "lengthy communication" to Kevin Nyenhuis, Proto Labs's Global Talent Acquisition Manager, detailing his concerns.

Chalifoux alleges that Peters retaliated against him after he complained. Her retaliatory actions included commenting to other employees on Chalifoux's attire, reporting that Chalifoux did not attend work when she knew that he was at a doctor's appointment with his wife, monitoring Chalifoux's actions closely, insulting Chalifoux's job performance, and working with another Proto Labs employee, Mark Dirsa, to make it appear as if Chalifoux was making mistakes at work.

3

On October 31, 2019, Nyenhuis told Chalifoux that December 31, 2019, would be his last day. On November 21, 2019, Chalifoux reported his concerns about Proto Labs's policies and Peters's retaliatory actions to Renee Conklin, Proto Labs's Vice President. Conklin hired outside counsel to conduct an investigation, in which Chalifoux participated. Chalifoux described it as a "mock" investigation which, nevertheless, substantiated his account. Conklin, however, did not extend Chalifoux's contract or discipline Peters.

Chalifoux filed his complaint in this case in New Hampshire Superior Court on October 31, 2022. He alleged nine claims against Proto Labs: wrongful termination (Count I); breach of contract (Count II); termination by association with a protected class under the New Hampshire Constitution and 42 U.S.C. § 1983 (Count III); hostile work environment (Count IV); intentional infliction of emotional distress (Count V); misclassification (Count VI); whistleblower claims (Count VII); slander (Count VIII); and libel (Count IX).

Proto Labs removed the case to this court on January 17, 2023, on the basis of both federal question jurisdiction (because Chalifoux alleged a § 1983 claim in Count III) and diversity jurisdiction. It then moved to dismiss all counts in the complaint other than Counts I (wrongful termination) and VII (whistleblower claims). See doc. no. 7. With regard to

4

Chalifoux's claims for slander and libel, Proto Labs argued, among other things, that both claims are barred by the applicable statute of limitations.

In response, Chalifoux moved for leave to file an amended complaint. Doc. no. 8. In his proposed amended complaint, Chalifoux adds Mark Dirsa as a defendant, adds certain claims, and removes certain claims, including Count III, termination by association with a protected class. See doc. no. 8-1. The proposed amended complaint also adds two paragraphs of factual allegations about Peters's and Proto Labs's behavior after he was terminated. Chalifoux also separately objected to the motion to dismiss, ostensibly arguing that the motion to dismiss is moot because of his motion for leave to amend his complaint. Doc. no. 9.

Based on his proposed amended complaint, Chalifoux moved to remand the case back to New Hampshire state court. Doc. no. 10. Although he offers no grounds in support of his motion, he references his proposed amended complaint and the addition of Dirsa, a New Hampshire resident, as a defendant. Presumably, Chalifoux intended to argue that the addition of Dirsa as a defendant destroys diversity jurisdiction. Chalifoux does not address that Proto Labs also removed the case to this court on the basis of federal question jurisdiction. In light of Chalifoux's pro se status and as discussed herein, the court

5

assumes for the purpose of this order that Chalifoux also intended to argue that the court lacks federal question jurisdiction because his proposed amended complaint does not include his § 1983 claim, the only federal cause of action in his original complaint.

## Discussion

The resolution of Proto Labs's motion to dismiss and Chalifoux's motion to remand depend, in part, on the court's ruling on Chalifoux's motion for leave to amend his complaint. Therefore, the court first addresses the motion for leave to amend before turning to the remaining motions.

### I. Motion to Amend (doc. no. 8)

As mentioned, Chalifoux's proposed amended complaint adds a defendant, Mark Dirsa, adds certain factual allegations regarding Peters's and Proto Labs's conduct after Chalifoux's termination, and both deletes and adds certain claims. Proto Labs objects to the motion to amend only to the extent that it adds Dirsa as a defendant.

The proposed amended complaint asserts three claims against Dirsa: slander, libel, and tortious interference with Chalifoux's economic relationship with Proto Labs. Proto Labs argues that allowing Chalifoux to add Dirsa as a defendant would

6

be futile because the claims against Dirsa are barred by the applicable statute of limitations.

Under Federal Rule of Civil Procedure 15(a)(2), the court will allow amendment of a complaint "when justice so requires."[3] A court will deny leave to amend, however, if amendment would be futile because the proposed amendment fails to state an actionable claim, Rife v. One West Bank, F.S.B., 873 F.3d 17, 20-21 (1st Cir. 2017), or "if the relevant statute of limitations has elapsed," Holbrook v. Bos. Sci. Corp., 487 F. Supp. 3d 100, 104 (D. Mass. 2020).

A. Statute of Limitations

RSA 508:4 sets forth the statute of limitations applicable to the three claims that Chalifoux alleges against Dirsa in the proposed amended complaint. The statute provides:

> all personal actions, except actions for slander or libel, may be brought only within 3 years of the act or omission complained of, except that when the injury

---

[3] Chalifoux asserts in his motion to amend that the court should permit him to amend his complaint because he specifically stated in his original complaint that he reserved the right to amend. He is mistaken. The right to amend a complaint is governed by the Federal Rules of Civil Procedure. A plaintiff may amend his or her complaint as a matter of course within 21 days of the defendant's responsive pleading or a motion under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 15(a)(1). Chalifoux does not contend that he amended within that time. Rather, he filed his motion seeking leave to amend. Even if Chalifoux were able to amend his complaint without the court's leave, his claims against Dirsa would be subject to dismissal for the reasons stated in this order.

7

> and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

RSA 508:4, I. Actions for slander and libel "may be brought only within 3 years of the time the cause of action accrued." RSA 508:4, II. Chalifoux's slander and libel claims accrued for the purpose of the statute of limitations analysis "when the defamatory matter [wa]s published to a third person and that person underst[ood] the defamatory meaning." McNell v. Hugel, No. CIV. 93-462-JD, 1994 WL 264200, at *6 (D.N.H. May 16, 1994), aff'd, 77 F.3d 460 (1st Cir. 1996). His tortious interference claim accrued as soon as he was damaged by Dirsa's alleged interference. See Singer Asset Fin. Co., LLC v. Wyner, 156 N.H. 468, 478 (N.H. 2007).

Chalifoux alleged in his complaint that Proto Labs informed him of his termination on October 31, 2019, and that the termination was effective on December 31, 2019. He further alleged that Dirsa had been involved with one or more other employees in actions that he understood caused his termination.

The proposed amended complaint makes no changes to those allegations, and Chalifoux acknowledges in his motion to amend that his original complaint "spoke at length of the tortious

actions of Mark Dirsa." Doc. no. 8, ¶ 1. Although the proposed amended complaint adds certain factual allegations, it does not allege any new conduct by Dirsa. Rather, it alleges that Peters continued to disparage Chalifoux and lie about him to several Proto Labs employees after his termination, which has damaged his reputation. See doc. no. 8-1, ¶¶ 86-87. It also alleges that Proto Labs terminated Peters on January 5, 2023, but that the company protected her by sending an email, stating that she was retiring.[4] Id., ¶ 87.

Based on the allegations in the proposed amended complaint, Chalifoux knew that he had been injured by Dirsa's alleged actions, including making allegedly false statements about him, by the time he was given notice of his termination on October 31, 2019. Therefore, under RSA 508:4, Chalifoux had to bring his claims against Dirsa no later than October 31, 2022. He filed his amended complaint on February 15, 2023, after the expiration of the limitations period. The claims are barred unless they are deemed timely due to the operation of some principle of law affecting the application of the statute of limitations.

---

[4] Chalifoux states in his motion to amend that he has "become aware of, and victimized by, continued tortious behavior by both Dirsa and the defendants toward him, effectively availing themselves for additional claims against them, as well as extending the continuum of tortious conduct to as late as January 5th, 2023." Doc. no. 8, ¶ 4. As stated above, however, the proposed amended complaint alleges no new behavior by Dirsa.

9

B. Relation back to the original complaint

In certain circumstances, an amendment may relate back to the date the original complaint was filed (here, October 31, 2022) so that it is not barred by the statute of limitations. Fed. R. Civ. P. 15(c); Turner v. United States, 699 F.3d 578, 585 (1st Cir. 2012). When an amended complaint changes or adds a new party, the relation back doctrine applies only if (1) the claim arose out of the same conduct, transaction, or occurrence as alleged in the original complaint; (2) the new party received notice of the action within 90 days after the complaint was filed; and (3) the new party knew or should have known he would be brought into the action except for a mistake as to the identity of the proper party. See Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 545 (2010) (citing Rule 15(c)(1)(B), (C)). "The plaintiff bears the burden of showing that the Rule 15(c) relation back doctrine applies." Graham v. Church, No. 14-cv-171-LM, 2015 WL 247910, at *4 (D.N.H. Jan. 20, 2015) (quotation omitted).

Chalifoux has not carried his burden to show that the relation back doctrine applies. Indeed, Chalifoux does not address the statute of limitations at all, much less the relation back doctrine. For the reasons stated by Proto Labs, circumstances that could support the application of the relation

10

back doctrine do not exist here. Chalifoux filed the motion to amend on February 15, 2023, which is more than 90 days after he filed the original complaint in state court on October 31, 2022. There is no evidence or allegation that Dirsa received notice of the claims before Chalifoux filed the motion to amend. And there is no evidence or allegation that there was any mistake as to Dirsa's identity or that he would know that he would be brought into the case. Therefore, there is no basis for relation back of the amendment to the date on which the original complaint was filed.

Although Chalifoux does not address the statute of limitations or the relation back doctrine, he states in his motion to amend that he did not name Dirsa as a defendant in his original complaint because he was unaware of his address. Doc. no. 8, ¶ 1. To the extent that Chalifoux intended his purported lack of knowledge of Dirsa's address to support application of the relation back doctrine, that argument fails. Lack of knowledge of a defendant's physical address is not a basis for application of the relation back doctrine. See, e.g., Davis v. Oklahoma Cnty., No. CIV-08-0550-HE, 2009 WL 4264870, at *1 (W.D. Okla. Nov. 23, 2009) (plaintiff's lack of knowledge of a newly named defendant's address was not a basis to show that the amended complaint related back to the original complaint under Rule 15(c)(1)).

11

For those reasons, Chalifoux's proposed claims against Dirsa are barred by the statute of limitations and are futile. The motion to amend is denied to the extent that it seeks to add Dirsa as a defendant or to allege any claims against him. Proto Labs does not object to the remainder of the proposed amendment. Therefore, Chalifoux is granted leave to file an amended complaint as proposed otherwise.

II. Motion to Remand

Chalifoux moves to remand the case to state court. Doc. no. 10. He does not provide any grounds in support of his motion but references the addition of Dirsa as a defendant and Dirsa's residence in New Hampshire. Viewed generously, Chalifoux's motion appears to argue that remand is appropriate because Dirsa's New Hampshire citizenship would destroy diversity jurisdiction if he were added as a defendant. See 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

As stated above, Chalifoux's motion to amend his complaint is denied to the extent that it seeks to add Dirsa as a defendant. Because Dirsa is not a defendant, diversity

jurisdiction is not destroyed, and the court denies Chalifoux's motion to remand.

In addition, Proto Labs removed the case to this court on the basis of federal question jurisdiction. Although Chalifoux's proposed amended complaint does not include the § 1983 claim that he asserted in his original complaint, it does add a claim under the Fair Labor Standards Act, a federal cause of action. See doc. no. 8-1, ¶ 92. Therefore, even if Chalifoux could add Dirsa as a defendant, this court would deny Chalifoux's motion to remand because federal question jurisdiction continues to exist.

III. Motion to Dismiss

Because the court grants Chalifoux's motion to amend in part, Proto Labs's motion to dismiss is automatically denied. LR 15.1(c). The denial is without prejudice to Proto Labs's right to file a motion to dismiss after Chalifoux files his amended complaint in accordance with this order.

Conclusion

For the foregoing reasons, Chalifoux's motion to amend (doc. no. 8) is granted to the extent that he removes certain claims, adds new claims, and adds certain allegations, but is denied to the extent that it seeks to add Mark Dirsa as a

13

defendant or assert any claims against Dirsa. Chalifoux's motion to remand (doc. no. 10) is denied.

Chalifoux shall revise the proposed amended complaint to comply with this order by removing Dirsa as a defendant and any claims asserted against Dirsa and shall file the revised amended complaint **within 5 days of the date of this order**.

Proto Labs's motion to dismiss (doc. no. 7) is denied without prejudice to its right to file a motion to dismiss the amended complaint within the time allowed under the Federal Rules of Civil Procedure.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

August 2, 2023

cc:  Joseph Chalifoux, pro se.
     Counsel of Record.